IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACK CARVALHO and SAMUEL YATES, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:07-CV-2612-RWS : |
| CREDIT SUISSE SECURITIES (USA) LLC, | : : : |
| Defendant. | : : |

## **ORDER**

On October 26, 2007, the Court conducted a hearing on the parties' competing Motions for Temporary Restraining Order and Preliminary Injunction [2, 4, and 8]. After considering the briefs and arguments of counsel, the Court enters the following Order.

"The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." United States v. Alabama, 791 F.2d 1450, 1458 (11th Cir. 1986). In order to be entitled to a preliminary injunction, the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the

threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest.  <u>Four Seasons Hotels & Resorts v. Consorcio Barr</u>, 320 F.3d 1205, 1210 (11th Cir. 2003); <u>Del Monte Fresh Produce Co. v. Dole Food Co., Inc.</u>, 148 F. Supp. 2d 1326, 1334 (S.D. Fla. 2001).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."  <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting <u>Canal Auth. v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974)).  The movant must carry the burden of persuasion as to all four requirements.  <u>Id.</u>  A district court's findings made on an application for preliminary injunction are not controlling at a later hearing.  <u>See</u> <u>Jefferson County</u>, 720 F.2d at 1519 n.21.

In their Motions, Plaintiffs seek to enjoin Defendant from filing any actions against Plaintiffs arising out of their employment with Defendant.  They seek to require Defendant to resolve such disputes through arbitration.  Defendant has agreed to proceed in arbitration with Plaintiffs.  Therefore, based upon the agreement of the parties, Plaintiffs' Motions [2 and 4] are **GRANTED** such that the parties are prohibited from filing any new actions related to Plaintiffs' employment with Defendant.

Plaintiffs also seek to enjoin Defendant from enforcing restrictive covenants that Defendant contends apply to Plaintiffs as a result of their employment with Defendant.  Because the parties have already begun an arbitration proceeding which will resolve these issues and Plaintiffs can point to no injury that they are likely to suffer before arbitration can resolve the dispute, the Court finds that Plaintiffs have failed to show a substantial threat of irreparable injury if this injunctive relief is not granted.  Therefore, Plaintiffs' Motions [2 and 4] are **DENIED** to the extent that the Motions seeks to enjoin Defendant from enforcing restrictive covenants.

Defendant seeks to enjoin Plaintiffs from leaving its employment until they have fulfilled the notice requirements which Defendant contends arise under various employment documents.  Defendant contends that enforcement of the notice provision is the only way to maintain the status quo between the parties pending arbitration.  Defendant further argues that it will suffer irreparable injury through the loss of business if Plaintiffs are not enjoined.  Finally, Defendant argues that the public interest is served by requiring Plaintiffs to honor their commitment to Defendant.

Because the Court has significant questions about the likelihood of Defendant's success on the merits of its claims, the Court **DENIES** Defendant's

3

Motion for Temporary Restraining Order and Preliminary Injunction [8]. An arbitration panel sitting in Georgia considering employment issues of employees who are Georgia residents are likely to apply Georgia law. The Court has substantial doubts about the viability of the restrictive covenants asserted against Plaintiffs.

Relying on Capricorn Systems, Inc. v. Pednekar, 248 Ga. App. 424, 546 S. E. 2d 554 (2001), Defendant asserts that the notice provision in issue is not a restrictive covenant. The Court is not convinced that the notice provision in issue will not be treated as a restrictive covenant. The notice provision in Capricorn provided that if a client of the employer requested, an employee was required to work a one-month notice so that there could be a smooth transition of the client's work. In the present case, the employee is entitled to his base salary and benefits and may not perform services for any other employer during the notice period. The income of these employees is substantially greater than their base salary. Thus, the employer has the ability to significantly reduce their income and prohibit them from working for another employer of any kind during the notice period.

Capricorn is also distinguishable based upon the relief sought. In Capricorn, the employer sought damages for breach of contract, not an

4

injunction. The parties are in agreement that Plaintiffs were employees at will When a contract does not have a definite term, the employee is an employee at will who may resign or be fired at any time. O.C.G.A. § 34-7-1. Thus, because the employee may resign at any time, the Court questions whether he can be ordered to continue in his employment, especially under less favorable terms of employment.

Finally, public policy does not support Defendant's Motion. Innocent investors who rely upon Plaintiffs for investment advice may be affected by the injunctive relief sought by Defendant. The public interest weighs in favor of allowing investors to maintain relationships with advisors in whom they have confidence. Investors should not be hampered in their investment decisions by employment disputes between firms and employees.

Based on the foregoing, Plaintiffs' Motions [2 & 4] are **GRANTED** to the extent that the parties are enjoined from filing any additional actions regarding disputes arising from Plaintiffs' employment with Defendant and the Motions [2, 4, & 8] are **DENIED** as to all other issues.[1]

---

[1] Subsequent to the hearing, the following papers were filed by the parties: Plaintiffs' Supplemental Response [17]; Defendant's Emergency Motion to Strike [23]; Plaintiffs' Motion for Leave to File Supplemental Brief [20]; Affidavit in Support of Amended Motion [21]; Defendant's Response Brief [22]; and Plaintiffs' Reply Brief [24]. The Court has decided the issues in the present Order based upon

**SO ORDERED**, this __31st__ day of October, 2007.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

the record at the conclusion of the hearing.  Therefore, the Motion to Strike [23] is **GRANTED** and the Motion for Leave [20] is **DENIED**.

6